# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHIRLEY CRASS,
        Plaintiff,

v.                                                 Case No. 10C0058

MARVAL & ASSOCIATES LLC,
        Defendant.

## ORDER

Plaintiff Shirley Crass brings this action against defendant Marval & Associates LLC, for alleged violations of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. A summons returned executed by plaintiff indicates that defendant was served January 28, 2010. As a result, defendant had until February 19 to file a responsive pleading. See Fed. R. Civ. P. 12(a)(1)(A)(i). To date, defendant has not filed any responsive pleading or otherwise appeared in this case. The clerk of court entered defendant's default on March 5. Plaintiff filed this motion for default judgment April 26, to which defendant has not responded. Plaintiff seeks statutory damages, attorney fees, and actual damages for emotional distress.

I may enter default judgment against a party against whom affirmative relief is sought when it fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). The decision to enter a default judgment lies within the discretion of the district court. O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir.1993). If the court determines that the defendant is in default, all well-pleaded allegations of the complaint, except those relating to the amount of damages, will be taken as true. Black v. Lane, 22 F.3d 1395,

1399 (7th Cir.1994). The court may hold a hearing or conduct an investigation to determine the amount of damages, Fed. R. Civ. P. 55(b)(2), however, no investigation is needed if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc., 722 F.2d 1319, 1323 (7th Cir.1983).

Based on defendant's default I take the allegations in the complaint as true. Defendant contacted plaintiff at work multiple times concerning a debt that had already been waived and discharged by the original creditor. Despite repeated requests to refrain from contacting her at work in which she explained that her employer prohibited such contacts, defendant continued to do so. Despite having no authorization to contact third parties, defendant called plaintiff's son on his cell phone multiple times, leaving messages using language such as "investigation unit" and "case in my office" that could lead an unsophisticated consumer to believe that a criminal proceeding had been initiated. As a result, plaintiff establishes that defendant violated several sections of the FDCPA.[1] Considering the frequency and persistence of non-compliance, the nature of the non-compliance, and the extent to which the non-compliance was intentional, plaintiff establishes that an award of $1,000 in statutory damages is appropriate. See 15 U.S.C. § 1692k(b)(1). I will also award plaintiff $2,891 in attorney fees and costs because her exhibits establish that this amount is reasonable. 15 U.S.C. § 1692k(a)(3).

However, I will deny her request for $3,500 in actual damages because she fails to provide a reasonably detailed explanation of the emotional injuries suffered. See Denius

---

[1] See 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692c(c), 1692d, 1692e, 1692e(2)(A), 1692e(7), 1692e(10), 1692e(11), and 1692f.

2

v. Dunlap, 330 F.3d 919, 929 (7th Cir. 2003) ("bare allegations. . . are not sufficient to establish injury unless the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action"). Plaintiff's conclusory allegations that she has "suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress," (Compl. ¶ 28; Crass Aff. ¶ 22,) are insufficient to establish her emotional distress with any certainty. Plaintiff does not present evidence establishing such damages (such as the report of a treating physician), and defendant's conduct is not so inherently degrading as to support an inference of emotional distress.

For the reasons stated,

**IT IS THEREFORE ORDERED** that plaintiff's motion for default judgment is **GRANTED IN PART AND DENIED IN PART**.

Dated at Milwaukee, Wisconsin this 25 day of May, 2010.

/s_____
LYNN ADELMAN
District Judge